UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGARITA VAN BUREN,

Plaintiff,

vs.                                              Case No.:

GC SERVICES LIMITED
PARTNERSHIP,

Defendant.
_____/

## **COMPLAINT**

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat.  559.55 et seq. ("FCCPA").

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

5.      Plaintiff, MARGARITA VAN BUREN, is a natural person who resides in the City of Miami, County of Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant GC SERVICES LIMITED PARTNERSHIP, (hereinafter "Defendant GC") is a collection agency operating from an address of 6330 Gulfton, Houston, Texas 77081 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant GC regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant GC regularly collects or attempts to collect debts for other parties.

9.      Defendant GC was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

FACTUAL ALLEGATIONS

10.      Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.      Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

<u>COLLECTION CALLS</u>

13.     In or about August, 2010, Defendant GC's collectors contacted Plaintiff by telephone three times in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.     During these August, 2010 calls, Defendant left voice mails on Plaintiff's answering machine, identifying themselves as debt collectors.

<u>SUMMARY</u>

15.     The above-described collection communications made to Plaintiff by Defendant GC, and collection employees employed by Defendant GC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), as well as the FCCPA § 559.72(5), and § 559.77(5).

16.     During these collection communications, Defendant and these individual debt collectors employed by Defendant GC failed multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), amongst others.

17.     The above-detailed conduct by this Defendant of harassing Plaintiff in their efforts to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as invasions of Plaintiff's privacy by intrusions upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

18.     Defendant's disclosures of Plaintiff's indebtedness to third parties were invasions of her privacy and her right to financial privacy.

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing acts and omissions of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

22.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

23.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

25.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

26.     Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

27.     Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to Eddy Small, and thereby invaded Plaintiff's right to financial privacy.

28.     Defendant disclosed Plaintiff's alleged indebtedness to Eddy Small.  Defendant knew or had reason to know that the third party did not have a legitimate need for the information.

29.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

30.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

<u>COUNT 3</u>

<u>VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT</u>

31.     Defendant disclosed Plaintiff's alleged indebtedness to Eddy Small.  Defendant knew or had reason to know that Eddy Small did not have a legitimate need for the information.

32.     As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  September 9, 2010                    Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.

E-mail: DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiff